CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 22, 2026

LAURA A. AUSTIN, CLERK
BY:
   s/A. Beeson
   DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **WAYNE M. BLAND, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00058 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **LT. COOK, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Wayne M. Bland, Jr., Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his constitutional rights by denying him the opportunity to take a shower for five days. Upon consideration of Bland's Complaint, I conclude that it must be dismissed for failure to state a claim upon which relief can be granted.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments and governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Specifically, "the Eighth Amendment imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state an Eighth Amendment claim, an inmate plaintiff must prove two elements: (1) that the alleged deprivation is objectively "sufficiently serious" and (2) that the prison officials' state of mind was one of "deliberate indifference" to inmate health or safety. *Farmer*, 511 U.S. at 834.

Here, Bland alleges that "[f]rom 1-11-25 to 1-15-25 [his] whole pod was not offered the chance to take any showers." Compl. 3, Dkt. No. 1. Under these facts, Bland has failed to demonstrate that the temporary deprivation of a shower amounts to an Eighth Amendment violation. Indeed, "the constitutional prohibition against the infliction of cruel and unusual punishment 'does not mandate comfortable prisons'" and "ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Courts in this circuit

have similarly concluded that denial of a shower for a comparable number of days does not amount to cruel and unusual punishment. *See, e.g.*, *Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (concluding that no Eighth Amendment violation occurred when inmate was denied a shower for three days after having human waste thrown on him); *Yarborough v. Robinson*, No. 97–7603, 1998 WL 879660, at *2 (4th Cir. Dec. 17, 1998) (determining that a plaintiff's "right to shower . . . for four days does not constitute an Eighth Amendment violation"); *Brownlee v. Newcome*, No. 3:16CV680, 2017 WL 2177974, at *3 (E.D. Va. May 17, 2017) (summarily dismissing an Eighth Amendment claim for temporary denial of showers).

Furthermore, Bland does not request a monetary remedy but instead seeks transfer to a different facility. However, because inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted, I cannot grant the relief requested. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding interstate prison transfer).

Accordingly, Bland's Complaint will be dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief can be granted. A separate Judgment will be entered.

ENTER:   May 22, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-3-